```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

TERRANCE F. WADDELL,              :    HABEAS CORPUS
GDC ID 264138,                    :    28 U.S.C. § 2254
      Petitioner,                 :
                                  :
      v.                          :    CIVIL ACTION NO.
                                  :    1:12-CV-466-TWT-ECS
BRUCE CHATMAN,                    :
      Respondent.                 :
```

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Terrance F. Waddell's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Doc. No. 1] and Bruce Chatman's "Answer-Response" [Doc. No. 9]. For the reasons that follow, the undersigned will recommend that (A) Mr. Waddell's Petition be denied and (B) a Certificate of Appealability be denied.

Mr. Waddell was convicted in Superior Court in DeKalb County of armed robbery, aggravated assault (four counts), and kidnapping. See Waddell v. State, 665 S.E.2d 893, 894 (Ga. Ct. App. 2008). The evidence presented at trial demonstrated the following:

> [E]arly one morning, Waddell, Jerault Allen, and Christopher Jones, neighbors in Waddell's apartment building, drove to a gas station to use an ATM and buy beer. At the gas station, an argument developed between Allen and Waddell, who pulled a knife from his pocket and held it to Allen's neck. At knifepoint, Waddell ordered Allen to drive the three men to a dark lot, where Waddell then stabbed Allen in the arm and back. As Allen and Jones tried to flee on foot, Waddell pursued in the car, striking them. The two men were ultimately able to escape and call 911 from a nearby location.

> Allen and Jones directed police to their apartment building, where they believed Waddell would be. Waddell had gone to another neighbor's apartment, telling the neighbor that he needed to "lay low" because he had killed two people. When Waddell requested a lighter to smoke his crack pipe, the neighbor objected because his four-year-old daughter was in the apartment, along with his girlfriend. Waddell then held a knife to the girlfriend's neck, threatened her, and locked the neighbor and the daughter out of the apartment. Waddell then smoked his crack pipe and touched the girlfriend's privates, threatening to kill her as she pleaded with him to stop. Police arrived and were ultimately able to gain entry and disable Waddell with a Taser as he held the girlfriend at knifepoint.

Id. Mr. Waddell was sentenced to "life without parole plus 40 years." [Doc. No. 10-7 at 5].

On direct appeal, Mr. Waddell was represented by an attorney in private practice. Mr. Waddell's appellate counsel argued that the trial court abused its discretion by refusing Mr. Waddell's request that the public defender assigned to represent him at trial be replaced. The Georgia Court of Appeals rejected that argument, concluding that:

> [D]uring a pre-trial hearing nearly four months before trial, Waddell complained to the trial court that his assigned public defender (his second in the case) had not performed adequately. Waddell requested that he not be assigned any counsel from the public defender's office at all. Waddell's counsel responded that certain of Waddell's requests, like a speedy trial motion and seeking hospital records from third parties, were either untimely or complicated by privacy matters. Waddell's other complaints, such as failing to investigate ATM records from the gas station, actually were being investigated at that time

2

and an appropriate witness from the gas station was under subpoena. Based on this information, the trial court found that Waddell's assigned attorney was performing adequately.

Despite the trial court's ruling, Waddell refused to proceed with present counsel and stated, "If I have to come in the courtroom mute, then that's what I'll have to do." The trial court then explained that Waddell could proceed pro se (though the court advised against it), or he could hire an attorney, or he could proceed with appointed counsel. At that time, the judge set the case on a trial calendar.

Nearly four months later, on the Friday before trial (which began on a Monday), Waddell again addressed the court, expressing his concern with the ATM records, which had been obtained but apparently not certified as authentic. His counsel responded that the State had agreed to stipulate to the authenticity of the records, and she further explained that other records were not available from the bank. With respect to an additional complaint by Waddell that she had not adequately explained the elements of the crime to Waddell, counsel replied that she had sent a copy of the statute to Waddell (whom she knew to have a college education) and explained in detail the concept of asportation with respect to kidnapping. Waddell had ultimately refused to speak to his counsel and had not asked any other questions of his counsel with respect to the charges.

Despite this explanation, Waddell requested a continuance to prepare to represent himself or for him to be appointed a third new trial counsel. He did not request any specific attorney. The trial court denied Waddell's request, stating, "You had plenty of time [nearly four months]. I told you last time what your rights were and that you had the choice of either letting [present counsel] represent you, retaining your own attorney or representing yourself." Waddell again protested, stating that he had had no communications with his counsel, who countered that Waddell had walked out on their last meeting because he did not want to go over his testimony in

>  preparation for trial. After the trial court again advised Waddell of his rights and refused to appoint a different public defender, Waddell chose to accept representation of his current counsel from the public defender's office.
>
>  Waddell now contends that the trial court abused its discretion in failing to appoint him a different counsel. However, in weighing whether to do so, the trial court determined that current counsel had adequately prepared for the case, had not failed to communicate with her client, and had otherwise taken action mitigating most if not all of the concerns raised by Waddell. Waddell identified no other preferred attorney, and no new attorney was familiar with Waddell's case. The trial court had given Waddell nearly four months to cooperate with his appointed counsel, whom the trial court found to have performed adequately, or to hire private counsel. In light of the facts of this case, including trial counsel's familiarity with the case, adequate performance, open communication, and time invested in investigating the case and preparing a defense, we discern no abuse of discretion by the trial court.

Id. at 894-95.

Mr. Waddell sought habeas corpus relief in state court, raising fourteen grounds for relief. See [Doc. No. 10-1 at passim]. Those fourteen grounds for relief were as follows:

>  Ground One: Ineffective assistance of counsel – failure to investigate and present an affirmative defense.
>
>  Supporting Facts: Counsel failed to investigate mental health records for insanity defense, in contravention of the Six[th] and Fourteenth Amendments.
>
>  Ground Two: Ineffective assistance of counsel – failure to investigate and present an affirmative alibi defense.

4

Supporting Facts:  Counsel's failure to investigate and present an alibi defense was in contravention of the Six[th] and Fourteenth Amendments.

Ground Three:  Ineffective assistance of counsel - failure to investigate medical records.

Supporting Facts:  Counsel's failure to investigate the medical records of both the Defendant and alleged victims was in contravention of the Six[th] and Fourteenth Amendments.

Ground Four:  Ineffective assistance of counsel - failure to interview and secure witnesses.

Supporting Facts:  Counsel's failure to interview prosecution witnesses and to interview and secure defense witnesses was in contravention of the Six[th] and Fourteenth Amendments.

Ground Five:  Ineffective assistance of counsel - failure to investigate evidence.

Supporting Facts:  Counsel's failure to investigate evidence pertinent to the case was in contravention of the Sixth and Fourteenth Amendments.

Ground Six:  Ineffective assistance of counsel - failure to consult with Defendant.

Supporting Grounds:  Counsel's failure to inform, consult and strategize with Defendant was in contravention of the Six[th] and Fourteenth Amendments.

Ground Seven:  Ineffective assistance of counsel - failure to make timely and appropriate objections.

Supporting Facts:  Counsel's failure to make timely and appropriate objections and move for a mistrial when prosecutor made highly prejudicial and inflammatory comments during cross-examination and closing arguments was in contravention of the Six[th] and Fourteenth Amendments.

Ground Eight:  Ineffective assistance of counsel – failure to file timely motions.

Supporting Facts:  Counsel's refusal to file speedy trial motion and a motion for sentence modification was in contravention of the Six[th] and Fourteenth Amendments.

Ground Nine:  Failure to charge on lesser included offenses.

Supporting Facts:  Trial court failed to charge on lesser included offenses of theft by taking and false imprisonment.

Ground Ten:  Mutually exclusive verdict/collateral estoppel.

Supporting Facts:  Aggravated assault and kidnapping convictions were not merely inconsistent with burglary acquittal, but mutually exclusive in contravention of the Fifth and Fourteenth Amendments.

Ground Eleven:  Denial of assistance of counsel.

Supporting Facts:  Trial court erred in refusing to appoint new counsel in contravention of the Six[th] and Fourteenth Amendments.

Ground Twelve:  Ineffectiveness of appellate counsel.

Supporting Facts:  Appellate counsel failed to consult with Defendant.  Counsel also failed to notify Defendant of denial of appeal until two months after decision, in contravention of the Six[th] and Fourteenth Amendments.

Ground Thirteen: Ineffectiveness of appellate counsel.

Supporting Facts:  Appellate counsel failed to raise viable claims on appeal in contravention of the Six[th] and Fourteenth Amendments.

>   Ground Fourteen:  Trial court erred in recidivist sentencing.
>
>   Supporting Facts:  Trial court mistakenly believe[d] it had no latitude in sentencing under O.C.G.A. § 17-10-7 and imposed the maximum sentence available, life without parole.

[Doc. No. 10-1 at 4-8].

The state habeas court concluded that Mr. Waddell procedurally defaulted Grounds One through Ten by failing to raise them on direct appeal, which was not excused by cause and prejudice. See [Doc. No. 10-2 at passim].  The state habeas court concluded that Ground Eleven was decided adversely to Mr. Waddell on direct appeal and could not be reargued in a state habeas proceeding. See [id. at 13].  The state habeas court determined that Mr. Waddell showed neither deficient performance nor prejudice with respect to his claims that his appellate counsel was ineffective in Grounds Twelve and Thirteen.  See [id. at 2-8].  And the state habeas court did not address Ground Fourteen.  The Georgia Supreme Court declined to grant Mr. Waddell a certificate of probable cause to appeal.  See [Doc. No. 10-4].

Mr. Waddell's federal habeas petition restates the same fourteen grounds for relief, verbatim. See [Doc. No. 1 at 5-9]. That petition is now before the Court for a determination of whether – after according appropriate deference to the state proceedings, see 28 U.S.C. § 2254(d)-(e) – "the state court's

7

ruling[s] on the claim[s] being presented in federal court w[ere] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). The undersigned concludes that there was no such error.

With respect to Grounds One through Ten, Mr. Waddell has not demonstrated - indeed he has not even argued - that the state habeas court erred in concluding that he procedurally defaulted these claims under O.C.G.A. § 9-14-48(d). Nor has Mr. Waddell "show[n] cause for the default and actual prejudice resulting from the alleged constitutional violation." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). And Mr. Waddell has not alleged "actual innocence" as "another avenue for him to receive consideration on the merits of his procedurally defaulted claim[s]." Id. In these circumstances, Mr. Waddell cannot overcome Georgia's procedural default rule, which is firmly established and regularly followed. Id. at 1176. Thus, Mr. Waddell is not entitled to federal habeas relief on any of these grounds.

Ground Eleven - Mr. Waddell's claim that the trial court abused its discretion in failing to appoint a third trial lawyer to represent him - was decided adversely to Mr. Waddell on direct

appeal. Although the Georgia Court of Appeals decision did not address this issue as a matter of federal constitutional law, Mr. Waddell's appellate attorney explicitly referenced the Sixth and Fourteenth Amendments in his brief, and thus preserved the issue for review in this Court. See [Doc. No. 10-7 at 75]. The leading Supreme Court cases in this area, however, state that a "choice-of-counsel violation occurs [only when] the defendant's choice is wrongfully denied," United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006), and that "[t]he Sixth Amendment right to choose one's own counsel is circumscribed in several important respects [including that] a defendant may not insist on representation by an attorney he cannot afford," Wheat v. United States, 486 U.S. 153, 159 (1988). In the circumstances of this case, Mr. Waddell's federal constitutional rights were not violated, and it is beyond dispute that the decision of the Georgia Court of Appeals was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

Grounds Twelve and Thirteen involve the alleged ineffective assistance of Mr. Waddell's appellate counsel. Here, the state habeas court applied the appropriate federal constitutional standards and concluded that Mr. Waddell had demonstrated neither deficient performance, nor prejudice. By merely repeating his claims in the same conclusory terms, Mr. Waddell has pointed this

Court to nothing in the record that could prompt a conclusion that the state habeas court made an unreasonable determination of the facts or weighed that evidence in a manner contrary to or constituting an unreasonable application of Supreme Court precedent. That Mr. Waddell has not met the high standard for obtaining relief in a federal habeas proceeding based on an ineffective assistance of counsel claim is all the more clear because 28 U.S.C. § 2254(d) and Supreme Court precedent with respect to such claims in combination require "doubly deferential judicial review." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

Finally, the state habeas court did not address Mr. Waddell's Ground Fourteen, namely his claim that the trial court erred in sentencing him as a recidivist to the maximum allowable sentence for armed robbery. Mr. Chatman urges this Court to find that issue is procedurally defaulted. See [Doc. No. 9-1 at 18-19]. The undersigned concludes that Mr. Waddell did, in fact, procedurally default this issue by failing to raise it on direct appeal. See O.C.G.A. § 9-14-48(d). In any event, it is plain from the sentencing transcript and exhibits that the trial court did not err in imposing a sentence of life without parole on Mr. Waddell for the armed robbery conviction, as required by O.C.G.A. § 17-10-7(c), in light of his multiple prior felony convictions. See generally [Doc. No. 10-12 at 52-60 (sentencing hearing

10

transcript)]; [Doc. 10-14 at 34-47 (prior convictions and sentences)]; [Doc. No. 10-15 at 1-60 (prior convictions and sentences)].

Because Mr. Waddell is not entitled to federal habeas relief on any of the fourteen grounds he has raised, the undersigned **RECOMMENDS** that his Petition be **DENIED**.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). To merit a certificate of appealability, Mr. Waddell must show that reasonable jurists would find debatable both (1) the merit of his underlying claims, and (2) the procedural issues that he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 478 (2000). Because Mr. Waddell has failed to make the requisite showing, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 4th day of December, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TERRANCE F. WADDELL, | : | HABEAS CORPUS |
| GDC ID 264138, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-466-TWT-ECS |
| BRUCE CHATMAN, | : | |
|     Respondent. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 4th day of December, 2014.

*S/ E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2